PAUL B. BEACH, State Bar No. 166265
DENNIS M. GONZALES, Bar No. 59414
RAYMOND W. SAKAI, State Bar No. 193507
ARNOLD F. LEE, State Bar No. 278610
alee@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants
City of Santa Maria, Santa Maria Police Department,
Rick Haydon, Ralph Martin, and Alicia Lara

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL AST, an individual, JAMES GINTER, an individual, and NORM COME, an individual, | Case No. CV 14-02909 (JCG) |
| Plaintiffs, | Honorable Jay C. Gandhi |
| vs. | **STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION** |
| CITY OF SANTA MARIA, a public entity, by and through THE SANTA MARIA POLICE DEPARTMENT; RICK HAYDON, an individual; RALPH MARTIN, an individual; ALICIA LARA, an individual; DANIEL MACAGNI, an individual; and DOES 1-10, inclusive, | |
| Defendants. | |

///
///
///
///

1. <u>Plaintiffs</u>.  Plaintiffs are Daniel Ast, James Ginter, and Norm Come (hereinafter "Plaintiffs").

2. <u>Defendants</u>.  Defendants are the City of Santa Maria, Rick Haydon, Ralph Martin, Alicia Lara, and Daniel Macagni (hereinafter "Defendants") (Plaintiffs and Defendants are collectively referred to hereinafter as "the Parties").

3. <u>Disclosing Party.</u>  Disclosing Party shall refer to the Defendant City of Santa Maria.

4. <u>Receiving Party.</u>  The Receiving Party shall refer to all Parties receiving information from Disclosing Party in accordance with this Protective Order.  The Receiving Parties are the Parties and their agents as set forth in Paragraph Nos. 16 and 17 of this Protective Order.

5. <u>Case Summary.</u>  This matter arises from Plaintiffs' allegations that they were purportedly retaliated against by Defendants.

6. <u>Confidential Materials.</u>  The City contends the below-listed documents are confidential and sensitive and should be produced only pursuant to a protective order. Without waiving Plaintiffs' right to contest the appropriateness of the City's position, the Parties agree the below-listed documents can be produced pursuant to protective order.  The below-listed documents shall be designated confidential documents and/or writings because they are protected by the Official Information Privilege, the right to privacy guaranteed in Federal Constitution, First Amendment and California Constitution, Article I, Section I, and various California Government, Penal, and Evidence Code sections, and thus protected from disclosure.  This will be accomplished by affixing to such document or writing a legend, such as "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or words of similar effect.  Documents and writings so designated, hereinafter, collectively, ("Confidential Information"), shall be treated in accordance with the terms of this stipulation/protective order.  Documents, writings and things to be designated as

such, include the following:

    A.    The investigation by Bart Topham into the January 2012, May 2012, and March/April 2013, complaints of Plaintiffs;

    B.    Investigation by Gary Kitzmann and Jeff Klapakis into the Covarrubias shooting incident;

    C.    Investigation by the Santa Barbara County Sheriff's Department into the Covarrubias shooting incident; and

    D.    Any material relating to or regarding the personnel files and/or records of any employee or former employee of the City of Santa Maria.

7.    <u>Stipulation.</u> The Parties are entering into this Stipulation for Protective Order to protect against any improper disclosure or risk of circumvention of law that might result from disclosure of sensitive and confidential information as described in this Order.

8.    <u>Confidential Information.</u>  This Protective Order shall apply to all Confidential Information, produced by Disclosing Party to the Receiving Party. The Confidential Information may be contained in originals and copies of relevant interrogatory responses obtained from Disclosing Party in this matter; originals and copies of relevant documents responsive to requests for production of documents obtained from the Disclosing Party in this matter; and originals and copies of transcripts, video recordings, and audio recordings of any deposition taken in this matter during which the Confidential Information is used, mentioned, reviewed, discussed, and/or referred to.  The Confidential Information shall be subject to this Protective Order as follows:

9.    <u>Storage Of Confidential Information.</u>   Immediately upon production by the Disclosing Party, attorneys for the Receiving Party shall personally secure and maintain the Confidential Information in their possession.  The Confidential Information shall not, under any circumstances, be left in an open or unsecured

3

location where unauthorized persons (such as unauthorized employees of counsel, cleaning personnel, etc.) might have access to them.

10. <u>Confidential Information Legend.</u>  All documents containing Confidential Information shall be stamped by Disclosing Party as "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or words of similar effect.

11. <u>Limitation Of Use Of Confidential Information.</u>  Attorneys for the Receiving Party shall not cause or knowingly permit disclosure of the contents of the Confidential Information, in any manner, including orally, beyond the disclosure permitted under the terms and conditions of this Order.  Any such disclosure shall be construed as a violation of this Order, except when used for purposes of this litigation as described in Paragraph Nos. 14 and 15 of this Protective Order.

12. <u>Testimony Regarding The Confidential Information.</u>  In the case of depositions, any party may designate all or any portion of the deposition testimony given in this litigation as Confidential Information orally during the deposition.  Any questions intended to elicit testimony regarding the contents of the Confidential Information shall be conducted only in the presence of persons authorized to review the Confidential Information as provided in this Order.  The Parties may be present for any such testimony.  Any deposition transcript containing such questions and testimony shall be subject to the same protections and precautions applicable to the Confidential Information.  In the case of trial, the determination as to whether the testimony shall be conducted in open court or in closed session shall be left to the trial judge.

13. <u>Inadvertent Disclosure.</u>  If the Disclosing Party inadvertently produces any Confidential Information without designating it as such, it may be remedied by (1) notifying the other parties of the error; and (2) providing a substitute copy of the Confidential Information with a proper legend.  In that

event, the Receiving Party who obtained inadvertently produced undesignated Confidential Information will: (1) return the previously produced Confidential Information and destroy all copies thereof; and (2) if the Receiving Party has already disseminated the Confidential Information to any person, the Receiving Party will notify all such persons the Confidential Information was disseminated to in writing of the need to return such Confidential Information and not to further disseminate it.  This provision applies to any and all Confidential Information produced to the Receiving Party.

14.   <u>Limitations On The Non-Litigation Use Of Confidential Information.</u>  The confidentiality of the Confidential Information received from Defendants in this action shall be maintained, and all Confidential Information exchanged will be used solely for the litigation of this action entitled. Specifically, the Receiving Party may not use such documents, records, or other information (or the contents thereof) for any other purpose, including use as background material, or for inclusion in books, magazines, newspapers, or other publications.  The Receiving Party is prohibited from placing any of the Confidential Information on the Internet.

15.   <u>Court Filings.</u>  If necessary in the judgment of attorneys for Receiving Party, said attorneys may show or reveal the contents of the Confidential Information to the court only pursuant to Local Rule 79-5 or Ninth Circuit Rule 27-13.  Receiving Party will inform the Court and Parties of any Confidential Information it intends to present during trial so appropriate measures may be considered by the Court that may be necessary to protect the Confidential Information.  Receiving Party's presentation of Confidential Information during trial will not require compliance with the written consent as set forth in paragraph No. 17. This stipulation is intended to cover information produced during discovery.  The determination as to whether information is deemed confidential for purposes of trial shall be left to the discretion of the trial judge.

5

16. <u>Other Persons Authorized To Review Confidential Information.</u>  The Receiving Party's attorneys of record may be permitted to see originals and obtain copies of the Confidential Information covered by this Order.  Additionally, paralegals, secretaries, expert witnesses, and other individuals and entities that may be employed or retained by the Receiving Party to assist in the preparation and/or the litigation of this action may be permitted to see originals and obtain copies of the Confidential Information covered by this Order.  Also, the City, including officers, directors, employees, and experts thereof may be permitted to review the Confidential Information.  Any experts and employees permitted to see the Confidential Information must have first executed the written statement set forth in Paragraph No. 17 below, and comply with the provisions of that section.  The Parties' attorneys may review the Confidential Information with the Parties they represent in the above-captioned action.

17. <u>Applicability Of Order To Other Persons.</u>  Prior to the disclosure of any Confidential Information to any person described above, attorneys for the Receiving Party who seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this Order, and shall cause him or her to execute the following acknowledgment:

> "I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in this action and hereby agree to comply with and be bound by the terms and conditions of the said Order with respect to the handling, use and disclosure of each Confidential Document.  I understand that I may be subject to penalties for contempt of Court if I violate this Order and hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.
>
> Dated: _____ /s/_____"

1  This written requirement applies to, but is not limited to, expert witnesses and
2  other individuals and entities that may be employed or retained by the Receiving
3  Party's counsel to assist in the preparation and/or the litigation of this action.  The
4  Receiving Party shall be responsible for maintaining the signed original of each
5  such written statement until the conclusion of these proceedings, including any
6  appeal.  Counsel for Receiving Parties shall insure that their office staff,
7  including, but not limited to, paralegals and secretaries, shall be made aware of
8  their obligations under this protective order.
9         18.   <u>No waiver of objections.</u>  Nothing in this Stipulation and Order
10 constitutes any decision by the Court concerning discovery disputes or the
11 admission into evidence of any specific document or testimony or liability for
12 payment of any costs of production or reproduction of documents.  This Order
13 also does not constitute a waiver by any party of any right to object to discovery
14 or admission into evidence of any document, record, testimony or other
15 information that is subject to this Order.  Nor do Defendants waive any privileges,
16 including, but not limited to, the investigatory files or official information
17 privileges, by entering into this order.  Additionally, Receiving Party does not
18 waive their right to object to the proprietary characterization of the documents by
19 the City, i.e., to challenge a designation of confidentiality at a later time.
20        19.   <u>Subpoena for Confidential Information.</u>  In the event that the Receiving
21 Party receives a subpoena, discovery request, or other legal process seeking
22 production of Confidential Information, the Receiving Party must give prompt
23 written notice to the Disclosing Party.  The Receiving Party shall inform the person
24 or entity seeking the information of the existence of this Stipulation and Order and
25 shall not produce the Confidential Information absent a Court Order requiring such
26 production.
27 ///
28 ///

1   20.   <u>Modification.</u>  For good cause, any party may seek a modification of this Order, first by attempting to obtain the consent of the other parties to such modification, and then, absent consent, by application to this Court.

21.   <u>Return of Confidential Information.</u>  No more than thirty (30) calendar days after the conclusion of this matter the Receiving Party and every other person and/or entity who received originals or copies of the Confidential Information shall return all originals, copies of the Confidential Information, and material derived therefrom, including, but not limited to, all log(s) of persons authorized to review the protected documents and the written statement(s) acknowledging the terms and provisions of this Order pursuant to Paragraph No. 17 of this Order, to the Disclosing Party care of:

> Dennis M. Gonzales, Esq.
> Raymond W. Sakai, Esq.
> Arnold F. Lee, Esq.
> Lawrence Beach Allen & Choi, PC
> 100 West Broadway, Suite 1200
> Glendale, California 91210-1219

Alternatively, the Receiving Party and every other person and/or entity who received originals or copies of the Confidential Information may destroy all such material and material derived therefrom within thirty (30) calendar days after the conclusion of this case.  Additionally, if the Receiving Party and every other person and/or entity who received originals or copies of the Confidential Information destroy all such material and material derived therefrom, within thirty (30) calendar days after the conclusion of this case, counsel for the Receiving Party shall send a signed declaration stating that such material has been destroyed pursuant to this Protective Order.  This case has concluded  when (i) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice, including under a settlement of the entire action; (ii) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (iii) all available appeals have concluded or the time for

such appeals has expired; and (iv) any post appeal proceedings have themselves concluded.

22. <u>Survivability Of This Protective Order.</u>  This Stipulation and Protective Order shall survive the termination of this action, and the Court shall retain jurisdiction to enforce it.

IT IS SO STIPULATED.

Dated: October 7, 2015        NYE, PEABODY, STIRLING, HALE & MILLER, LLP

By:     /s/  Jonathan D. Miller
        Jonathan D. Miller
        Alison Bernal
        Attorneys for Plaintiffs Daniel Ast,
        James Ginter, and Norm Come

Dated: October 7, 2015        HAIGHT BROWN & BONESTEEL

By:     /s/  Kevin M. Osterberg
        Kevin M. Osterberg
        Attorneys for Defendant
        Daniel Macagni

Dated: October 7, 2015        LAWRENCE BEACH ALLEN & CHOI, PC

By:     /s/ Arnold F. Lee
        Arnold F. Lee[1]
        Attorneys for Defendants
        City of Santa Maria, Santa Maria
        Police Department, Rick Haydon,
        Ralph Martin, and Alicia Lara

---

[1] As the filer of this Stipulation, I, Arnold F. Lee, attest that Jonathan D. Miller and Kevin M. Osterberg concur in the content of the Stipulation and have authorized its filing.

9

AST #2\Protective Order

1   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

2

3   DATED:    October 23, 2015

4                                    Honorable Jay C. Gandhi
5                                    United States District/Magistrate Judge

10

AST #2\Protective Order